UNITED STATES DISTRICT COURT
NORTHER DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| JAMES M. CHARLESTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 1:10-CV-396 |
| | ) | |
| KEN FRIES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

# OPINION AND ORDER

Before the Court is Plaintiff James Charleston's second motion to amend his complaint (Docket # 29), which he contends relates back to the filing of his original complaint, seeking to add Nurse Kaminski, Dr. House, and Dr. Horstmeyer as Defendants. In response, Defendants object to Charleston's motion, arguing that the amendment does not relate back and thus is futile because it seeks to add Defendants purportedly *after* the statute of limitations has run. (Docket # 30.) Charleston failed to file a reply to the motion, and the time to do so has since passed.

For the following reasons, Charleston's motion will be GRANTED IN PART and DENIED IN PART.

*A. Factual and Procedural Background*

Charleston filed this 42 U.S.C. § 1983 action on November 12, 2010, alleging that from "approximately December 18, 2008 through August of 2009" Defendants Allen County Sheriff Ken Fries, Pamela Thornton, "Officer/PE #844," and "John Does/Jane Does (unidentified Allen County Confinement Officers and nurses sued in their individual capacities)" violated his rights under the Eighth Amendment by denying him medical care while he was incarcerated at the

Allen County Jail. (Docket # 1.)

A scheduling conference was held on February 16, 2011, at which the following deadlines were established: June 1, 2011, for any amendments to the pleadings by Charleston; June 21, 2011, for any amendments to the pleadings by Defendants; and October 21, 2011, for the completion of all discovery. (Docket # 17, 19.) A month later, a trial management order established a dispositive motion deadline of November 21, 2011, and a trial date of May 1, 2012. (Docket # 21.)

On March 15, 2011, Charleston filed a motion to amend his complaint to replace Defendant "Officer/PE # 844" with her correct name, Nurse Beth Ann Thomas, and the Court promptly granted his motion. (Docket # 22, 24.)

On June 1, 2011, Charleston filed the instant second motion to amend seeking to add Nurse Kaminski, Dr. House, and Dr. Horstmeyer as Defendants. (Docket # 29.)

### B. *Standard of Review*

Under Federal Rule of Civil Procedure 15, a party may amend his pleading once as a matter of course within twenty-one days after serving it, or if the pleading is one to which a responsive pleading is required, twenty-one days after service of a responsive pleading or twenty-one days after service of a motion under Federal Rule of Civil Procedure 12(b), (e), or (f), whichever is earlier. Otherwise, a plaintiff may amend only by leave of the court or by written consent of the adverse party. Fed. R. Civ. P. 15(a). Leave to amend is freely given when justice so requires. Fed. R. Civ. P. 15(a). However, this right is not absolute, *Brunt v. Serv. Employees Int'l Union*, 284 F.3d 715, 720 (7th Cir. 2002), and can be denied for undue delay, bad faith, dilatory motive, prejudice, or futility. *Ind. Funeral Dirs. Ins. Trust v. Trustmark Ins.*

2

*Corp.*, 347 F.3d 652, 655 (7th Cir. 2003).

### *C. Discussion*

Here, in his cursory motion to amend, Charleston seeks to add Nurse Kaminski, Dr. House, and Dr. Horstmeyer as Defendants and contends that the amended complaint relates back to the filing of the original complaint. Defendants argue that Charleston's motion to amend is futile in light of the applicable two-year statute of limitations, *see* Ind. Code § 34-11-2-4, because it does not relate back to the original complaint.

Indeed, "if a proposed amended complaint is filed after the period of limitations has run, and does not relate back to the date of the original complaint pursuant to the requirements of [Federal] Rule [of Civil Procedure] 15(c)(1), the amended complaint would be time-barred and could not, as a matter of law, withstand a motion to dismiss." *Pierce v. City of Chicago*, No. 09 C 1462, 2010 WL 4636676, at *2 (N.D. Ill. Nov. 8, 2010). "A district court could then deny the motion for leave to amend as futile." *Id.*; *see King v. One Unknown Fed. Corr. Officer*, 201 F.3d 910, 914 (7th Cir. 2010).

"An amendment that seeks to add a new party relates back when it asserts a claim that arises out of the same conduct, transaction, or occurrence set out in the original pleading, and when the party to be brought in received notice of the action such that [he or she] will not be prejudiced and knew or should have known that the action would have been brought against [him or her] *but for a mistake concerning the party's identity*." *Pierce*, 2010 WL 4636676, at *2 (citing Fed. R. Civ. P. 15(c)(1)(C)(i)-(ii)) (emphasis added in *Pierce*); *see Krupski v. Costa Crociere S.p.A.*, 130 S. Ct. 2485, 2491-92 (2010). "The 'mistake' requirement of the relation-back rule is not satisfied by a mere lack of knowledge of the proper defendant; the plaintiff must

3

have actually erred in naming the proper defendant." *Pierce*, 2010 WL 4636676, at *2 (citing *Hall v. Norfolk S. Ry. Co.*, 469 F.3d 590, 595 (7th Cir. 2006)).

To reiterate, "[l]ack of knowledge as to the proper defendant is not a mistake." *Daniel v. City of Matteson*, No. 09-cv-3171, 2011 WL 198132, at *4 (N.D. Ill. Jan. 18, 2011). Therefore, "it is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15 . . . ." *Demouchette v. Sheriff of Cook Cnty.*, No. 09 C 6016, 2011 WL 1378712, at *2 (N.D. Ill. Apr. 12, 2011) (quoting *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997)).

Here, Charleston never argues that the omission of Nurse Kaminski, Dr. House, and Dr. Horstmeyer in the original complaint was a mistake. For that matter, he failed to even reply to Defendants' arguments concerning the omission or their assertion that leave to amend should be denied on the basis of futility. Under Seventh Circuit case law, Charleston's failure to argue, much less establish, that he made a mistake is fatal to his assertion that the proposed amendment relates back to the original complaint. *See, e.g.*, *Daniel*, 2011 WL 198132, at *4 (denying plaintiff's motion to amend as futile where he simply claimed that he did not know defendants' identities and did not contend that he made a mistake); *Pierce*, 2010 WL 4636676, at *4 (emphasizing in denying plaintiff's motion to amend as futile that plaintiff failed to claim in his motion that he had made a mistake). As emphasized herein, "a simple lack of knowledge of the identity of the proper party", which is presumably what occurred here in light of Charleston's naming of Doe Defendants in his original and amended complaint, is insufficient to satisfy Rule 15(c)'s relation-back requirements. *King*, 201 F.3d at 914 (quoting *Baskin v. City*, 138 F.3d 701, 704-05 (7th Cir. 1998)); *see Daniel*, 2011 WL 198132, at *4 (denying motion to amend to

substitute names for Doe defendants after the statute of limitations had run where plaintiff alleged lack of knowledge rather than mistake).

Nevertheless, on this record, Defendants overreach in asserting that Charleston's proposed second amended complaint is futile under the two-year statute of limitations. To explain, Charleston states in his first amended complaint that he was incarcerated at the Allen County Jail from "December 18, 2008 through August of 2009" and that Defendants violated his Eighth Amendment rights by ignoring his requests for medical care. (Compl. ¶ 1.) In objecting to his motion to amend, Defendants attempt to narrow Charleston's complaint, purporting that the alleged deliberate indifference to his medical needs by Nurse Kaminski, Dr. House, and Dr. Horstmeyer solely occurred "following his admission to the Allen County Jail and in correspondence in January and February of 2009." (Defs.' Joint Objection ¶ 5.) Thus, as Defendants see it, the statute of limitations with respect to any claims against these three Defendants expired before June 1, 2011—the date Charleston filed the instant motion to amend.

Defendants' argument, however, overlooks that Charleston *also* alleges in his complaint that the delays in medical care "lasted months – during the entirety of [his] stay at the Allen County Jail." (Am. Compl. ¶ 10.) Therefore, on this record, it is indeed possible that the alleged wrongdoings by Nurse Kaminski, Dr. House, and Dr. Horstmeyer giving rise to Charleston's claims could have occurred yet in June, July, or August of 2009, rendering his June 1, 2011, motion to amend still within the two-year statute of limitations period with respect to such acts.

Accordingly, Charleston's motion to amend (Docket # 29) will be GRANTED IN PART in that Charleston will be granted leave to file a second amended complaint adding Nurse

Kaminski, Dr. House, and Dr. Horstmeyer as Defendants.[1] *See* Fed. R. Civ. P. 15(a) ("The court should freely give leave when justice so requires."). Charleston's motion, however, is DENIED IN PART in that any claims against these three Defendants will not relate back to the date of the original complaint.

### D. Conclusion

For the foregoing reasons, Plaintiff's motion to amend his complaint (Docket # 29) is GRANTED IN PART in that Plaintiff is granted leave to file a second amended complaint adding Nurse Kaminski, Dr. House, and Dr. Horstmeyer as Defendants. Plaintiff's motion, however, is DENIED IN PART in that any claims against these three Defendants do not relate back to the date of the original complaint. Once counsel appears for Nurse Kaminski, Dr. House, and Dr. Horstmeyer, those parties will have an opportunity to consent to the Magistrate Judge.

SO ORDERED.

Enter for July 7, 2011.

S/Roger B. Cosbey
Roger B. Cosbey
United States Magistrate Judge

---

[1] The caption of Charleston's proposed second Amended Complaint identifies Nurse Kaminski as "PE # 844". However, Charleston's first amended complaint already substituted Nurse Beth Ann Thomas for "PE # 844" (*see* Docket # 22, 25), and therefore Charleston must correct this oversight before filing his second amended complaint.